UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS LEON RUSK,

          Plaintiff,

v.

TAZEWELL COUNTY SHERIFF, et al.,

          Defendants.

Case No. 2:25-cv-01634-JHC-TLF

REPORT AND RECOMMENDATION

Noted for December 2, 2025

This 42 U.S.C. § 1983 action has been referred to United States Magistrate Judge Theresa L. Fricke. Plaintiff Nicholas Leon Rusk has filed a motion to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkts. 9, 9-1. Plaintiff is *pro se*, and he currently resides at Lake Behavioral Health in Waukegan, Illinois. Dkt. 9-1. Plaintiff asserts various claims against defendants who are officers of the Tazewell County Jail in Tazewell County, Illinois as well as President Donald Trump and the Central Intelligence Agency, located in Washington D.C. and/or, according to plaintiff's complaint, Phoenix, Maryland. *Id.* Plaintiff's claims relate to actions allegedly taken by the defendants in Tazewell County, Illinois and Washington D.C. and/or Phoenix, Maryland. *Id.*; 28 U.S.C. § 128(a).

The Court should hold that venue is not proper in the Western District of Washington and that the case should be transferred to the Central District of Illinois in

REPORT AND RECOMMENDATION - 1

the interest of justice. For the reasons discussed below, the Court recommends this case be transferred to the United States District Court for the Central District of Illinois.

## BACKGROUND

Plaintiff challenges the conduct of jail officials at Tazewell County Jail as well as President Trump and the CIA related to alleged interference with his mail in or around June of 2025 while he was detained at Tazewell County Jail. Dkt. 9-1, proposed complaint. He alleges he was not allowed any legal mail and alleges defendants have stolen from his prison trust account. *Id.* He also alleges he is being held on false charges. *Id.* All individuals and entities named as defendants allegedly reside or operate within Tazewell County, Illinois or Washington D.C. and/or Phoenix, Maryland. *Id.*

The filing fee has not been paid, IFP status has not been decided, service of process has not been directed, and no defendant has appeared in this action.

## DISCUSSION

Venue may be raised by the Court *sua sponte* where defendants have not filed responsive pleadings and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in (1) the judicial district in which any defendant resides, if all of the defendants reside in the same state; (2) the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

REPORT AND RECOMMENDATION - 2

Here, plaintiff's allegations arise from events occurring primarily, if not entirely, in Tazewell County, Illinois. Dkt. 9-1. Tazewell County, Illinois lies within the Central District of Illinois. 28 U.S.C. § 128(a). Plaintiff has not named any defendants alleged to reside or operate in the Western District of Washington; rather, all defendants are alleged to reside or operate in the Central District of Illinois or Washington D.C. and/or Phoenix, Maryland. Dkt. 3-2 at 2–3. Plaintiff resided at the Tazewell County Jail in Pekin, Illinois at the time he filed the proposed complaint; currently he resides at Lake Behavioral Health in Waukegan, Illinois. Dkts. 4. Therefore, the Court concludes the Western District of Washington is an improper venue for this suit.

Because venue is improper in this District, the Court has discretion to either dismiss the action or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). The Court finds the proposed complaint may contain deficiencies, such as insufficient factual detail demonstrating liability of each defendant named. Nonetheless, the Court finds that dismissing this action and directing plaintiff to refile in the Central District of Illinois would cause unnecessary delay.

Accordingly, the Court should hold that transferring, rather than dismissing, this case is appropriate.

## CONCLUSION

The Court should find venue in this District is improper. In the interest of justice, the Court should transfer this case to the proper venue. The Court recommends transferring the proposed complaint (Dkt. 9-1) and deferring the decision on plaintiff's IFP motion (Dkt. 9) and the screening of his proposed complaint (Dkt. 9-1) to the Central District of Illinois.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **December 2, 2025**, as noted in the caption.

Dated this 17th day of November, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4